ALLIED PERSONNEL, Inc. v. WILLIAMS.

No. 70-5008.

Circuit Court, Duval County.

October 5, 1970.

Barry L. Zisser, Jacksonville, for plaintiff.

Harold B. Wahl, Loftin & Wahl, Jacksonville, for defendant.

GERALD B. TJOFLAT, Circuit Judge.

This action came on for hearing on defendant's motion for dismissal. The defendant is a non-resident, living in the state of Alaska; and the summons and complaint were served upon him as provided in §48.161, Florida Statutes. Plaintiff contends that such service was appropriate because the cause of action set out in the complaint arises out of a transaction or operation connected with or incidental to a business or business venture conducted by defendant in Florida within the meaning of §48.181, Florida Statutes.

For the purpose of disposing of this motion, the parties stipulated as follows —

(1) At no time material to this action was the defendant a resident of the state of Florida.

(2) When he signed the note attached to the complaint and the franchise agreement (incorporated in this record as defendant's exhibit 1) for which the note was in payment, defendant was present in this state. His presence, however, was for a short vacation and was not brought about for the purpose of signing the note and agreement.

(3) The franchise territory awarded defendant under the agreement was restricted to Alaska, only. The performance of the agreement and the payment of the note did not require plaintiff's presence in Florida.

The court concludes that a non-resident, who merely signs a note and contract in Florida and is not required to perform any obligation thereunder in this state, is not engaging in a business or business venture within the purview of §48.181, and is not subject to substituted service of process, under §48.161, in a suit on such note. Accordingly, this action should be dismissed for want of jurisdiction over the person of the defendant.

It is, therefore, ordered that this action is dismissed without prejudice.